**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 19-y-56-REB

In the matter of

WENDELL MILLS, SR.,

    Witness.

## ORDER TO SHOW CAUSE

**Blackburn, J.**

This matter is before the court *sua sponte.* Wendell Mills, Sr., was subpoenaed to appear as a witness for the defense in the trial of *United States v. Wambli Mills*, Criminal Case No. 18-cr-00415-REB-JMC, at 8:00 a.m., on July 15, 2019 [#52-6].[1] When Mr. Mills, Sr., did not appear at the time and place designated, I issued a bench warrant [#91]. Mr. Mills, Sr., was arrested and brought to court on July 17, 2019 (***see*** **Courtroom Minutes**, [#90], filed July 15, 2019), at which time he testified for the defense.

Later that same afternoon, Mr. Mills, Sr., appeared before me in contempt-related proceedings. During this hearing I advised Mr. Mills , Sr., that I intended to initiate direct criminal contempt proceedings against him. To facilitate subsequent notice and service by mail, I required Mr. Mills, Sr., to provide me with his mailing address, which he did: P.O. Box 145, Towaoc, Colorado 81334. Finally, I ordered Mr. Mills, Sr., to appear

---

[1] "[#52-6]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

before me on Monday, August 12, 2019 at 1:30 p.m. (MDT) for further contempt proceedings, an order and duty that Mr. Mills, Sr., acknowledged verbally on the record. This order to show cause is issued accordingly.

A district court has the inherent power to enforce its orders through contempt. "Courts independently must be vested with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates, and . . . to preserve themselves and their officers from the approach and insults of pollution." ***United Mine Workers of America v. Bagwell***, 512 U.S. 821, 831 (1994). This authority is now codified at 18 U.S.C. § 401, which provides, in relevant part, that "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as . . . (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(a)(3).

Contempt proceedings are either civil or criminal in nature, and the difference between the two types of contempt turns on the character and purpose of the sanction involved. ***Bagwell***, 512 U.S. at 827-828. If the sentence imposed is conditional and grants the defendant the ability to end the penalty by complying with the order, the contempt is civil. See ***Colombo v. New York***, 405 U.S. 9, 10-11 (1972); ***United States v. Haggerty***, 528 F.Supp. 1286, 1296 (D. Colo. 1981). When the penalty is fixed and there is no possibility of purging the contempt by compliance, the contempt is criminal. See ***Shillitani v. United States***, 384 U.S. 364, 370 (1966).

Because the sanction contemplated in these circumstances involves punishing Mr. Mills, Sr., for actions that have already occurred and seeks to vindicate the dignity and authority of the court, it is criminal in nature.  ***Bagwell***, 512 U.S. at 828-829; ***Local 28 of Sheet Metal Workers' International Association v. E.E.O.C.***, 478 U.S. 421, 443 (1986); ***In re Lucre Management Group, LLC***, 365 F.3d 874, 876 (10th Cir. 2004).  "Criminal contempt is a crime in the ordinary sense, and criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings."  ***Bagwell***, 512 U.S. at 826 (citations and internal quotation marks omitted).  Accordingly, "criminal contempt sanctions are entitled to full criminal process."  ***Id.*** at 833.  This includes the right to counsel and proof beyond a reasonable doubt.  ***Id.*** at 834.  *See also* ***United States v. Peterson***, 456 F.2d 1135, 1139-40 (10th Cir. 1972).  If the prosecuting attorney seeks a term of imprisonment of more than six months, the defendant also is entitled to a trial by jury.  ***Bagwell***, 512 U.S. 826 - 827; ***Taylor v. Hayes***, 418 U.S. 488, 495 (1974); ***Federal Trade Commission v. Kuykendall***, 371 F.3d 745, 752 (10th Cir. 2004).

Under 18 U.S.C. § 401, the court is empowered "to punish by fine or imprisonment, or both" any contempt of court.  18 U.S.C. § 401(3) includes disobedience to the court's lawful order or command.  It appears to the court that the unexplained and unexcused failure of Mr. Mills, Sr., to respond to the subpoena constitutes contempt under 18 U.S.C. § 401(3).  His failure to appear constitutes the ostensible disobedience of the lawful order of the court.

As contemplated by Fed. R. Crim. P. 42(a)(2), I find the interests of justice do not require the appointment of a prosecuting attorney other than an attorney for the government. However, if the government declines to appoint an attorney to prosecute this matter, I will appoint an attorney to prosecute the contempt. **FED. R. CRIM. P.** 42(a)(2); *see also **Mellott v. MSN Communications, Inc.**,* 2011 WL 1597681 at *1 (D. Colo. Aug. 28, 2011). Because the contempt does not involve disrespect toward or criticism of me personally, I find and conclude that I am not disqualified from presiding over the hearing or trial. **FED. R. CRIM. P.** 42(a)(3).

I use this order to schedule an initial appearance and an advisement of rights. As is his right, Mr. Mills, Sr., will be afforded a reasonable time to retain or request counsel and to prepare his defense. **FED. R. CRIM. P.** 42(a)(1)(A) & (B).

**THEREFORE, IT IS ORDERED** as follows:

1. That Wendell Mills, Sr., shall appear in person at an initial appearance and advisement of rights hearing to be held on Monday, August 12, 2019, commencing at 1:30 p.m. (MDT), in the United States District Court for the District of Colorado, located in the La Plata County Courthouse, 1060 East Second Avenue, Courtroom 150, Durango, Colorado 81301;

2. That the attorney for the government is appointed to prosecute the criminal contempt contemplated by this Order;

3. That because the hearing and/or further proceedings may result in the imposition of a fine or imprisonment of Mr. Mills, Sr., he may, if he chooses, retain an

attorney to represent him at the hearing[2];

      4.  That if Mr. Mills, Sr., fails to appear in person at the hearing, the court shall issue a warrant for his arrest; and

      5.  That this order shall be served on the alleged contemnor by mail at the address he provided in open court on the record: P.O. Box 145, Towaoc, Colorado 81334.

      Dated July 30, 2019, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[2] If Mr. Mills, Sr., is unable to afford an attorney, he may apply for representation without cost under the Criminal Justice Act, 18 U.S.C. § 3006A, by contacting the clerk of the court well in advance of the hearing and completing the appropriate paperwork.